UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YASIN REEDER,

  Plaintiff,

v.

COUNTY OF WAYNE,

  Defendant.
_____/

Case No. 15-cv-10177

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION *IN LIMINE* [30] AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE* [31]**

**I. INTRODUCTION**

Yasin Reeder ("Plaintiff") commenced this action on January 16, 2015, against his former employer, Wayne County ("Defendant"). *See* Dkt. No. 1, p. 1 (Pg. ID No. 1). Plaintiff alleged ten violations of state and federal law, under the Family Medical Leave Act (FMLA) (Counts I and II); Americans with Disabilities Amendments Act (ADA) (Counts III and IV); Title VII of the Civil Rights Act of 1964 ("Title VII") (Counts V and VI); Michigan's Persons with Disabilities Civil Rights Act (PWDCRA) (Counts VII and VIII); and Michigan's Elliott-Larsen Civil Rights Act (Counts IX and X). Dkt. No. 3, pp. 10–22 (Pg. ID No. 30–42). In April 2016, the Court granted Defendant summary judgment on Plaintiff's Title VII claims. Dkt. No. 28, p. 43 (Pg. ID No. 570).

Plaintiff and Defendant have each filed Motions *in Limine* in preparation for trial. Dkt. No. 30, 31. The Court has reviewed and considered the Motions, supporting briefs, and the entire record of this matter. Additionally, the Court conducted a hearing on this matter on June 27, 2016, where counsel presented arguments on the issues.

For the reasons discussed herein, the Court will **GRANT** Defendant's Motion *in Limine* [30] and **GRANT** in part and **DENY** in part Plaintiff's Motion *in Limine* [30]. The Court's Opinion and Order is set forth in detail below.

## II. LEGAL STANDARD

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of a motion *in limine* is to eliminate "evidence that is clearly inadmissible for any purpose" before trial. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). A district court rules on evidentiary motions *in limine* "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). The guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins.*, 326 F. Supp. 2d at 846.

Although neither the Federal Rules of Evidence, nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in*

*limine*, the Supreme Court has allowed district courts to rule on motions *in limine* "pursuant to the district court's inherent authority to manage the course of trials." *See Luce*, 469 U.S. at 41 n.4. District courts are granted very broad discretion in determining whether the probative value of evidence outweighs any danger of unfair prejudice. *United States v. Vance*, 871 F.2d 572, 576 (6th Cir. 1989).

A district court should grant a motion to exclude evidence *in limine* "only when [that] evidence is *clearly* inadmissible on *all* potential grounds." *Ind. Ins.*, 326 F. Supp. 2d at 846 (emphasis added). In cases where that high standard is not met, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*. Denial of a motion to exclude evidence *in limine* does not necessarily mean that the court will admit the evidence at trial. *See Luce*, 469 U.S. at 41. "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. at 41–42.

### III. DISCUSSION

Defendant's Motion *in Limine* seeks to preclude Plaintiff from introducing expert testimony at trial based on his failure to comply with Rule 26(a) of the Federal Rules of Civil Procedure. *See* Dkt. No. 30, p. 5 (Pg. ID No. 577). Plaintiff's Motion *in Limine* seeks to exclude evidence in nine different areas:

(1) Plaintiff's work disciplinary history prior to 2013;
(2) the arbitrator's determination that Defendant had "just cause" to terminate Plaintiff's employment under the collective bargaining agreement ("CBA");
(3) evidence challenging whether the content of Plaintiff's doctor's note constituted sufficient notice under the FMLA to trigger Defendant's responsibility to obtain additional information;
(4) Plaintiff's prior litigation;
(5) evidence of a legitimate non-discriminatory reason for Plaintiff's discharge;
(6) evidence that Deputy Chief Tonya Guy ("Guy") requested to see Plaintiff's doctor's notes;
(7) character evidence that Wayne County Personnel had a propensity to give FMLA paperwork to employees who submitted doctor's notes;
(8) Plaintiff's work as a football coach at Wayne State University during his employment with Wayne County; and
(9) the details of the dispute between Plaintiff and his coworker, Jessica Winward.

*See* Dkt. No. 31, pp. 2–3 (Pg. ID No. 606–07). A discussion of both Motions follows.

**A. The Court Will Grant Defendant's Motion *in Limine***

In its Motion *in Limine*, Defendant moves to preclude expert testimony from Dr. James Cowley, Dr. Leon Rubenfaer, and Dr. Nagashree Chandrashekar under Federal Rule of Civil Procedure 37(c). Dkt. No. 30, pp. 5–6 (Pg. ID No. 577–78). The Rule states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1). The Rule further provides that "the court, on motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions." FED. R. CIV. P. 37(c)(1)(C).

Defendant asserts that although the three doctors were named as potential experts in initial pre-trial disclosures, Plaintiff failed to provide Defendant with the required disclosures for expert witnesses, pursuant to Federal Rule of Civil Procedure 26. These disclosures are required to have been made at least 90 days before the trial date, and that date has since passed. *See* FED. R. CIV. P. 26(a)(2)(D)(i). In his response, Plaintiff argues that he does not intend to use the doctors as expert witnesses. Dkt. No. 35, p. 9 (Pg. ID No. 969). Instead, "Plaintiff is only calling his treating physicians for the purpose of authenticating documents and testifying to Plaintiff's treatment." *Id*. at 10.

Accordingly, the Court will grant Defendant's Motion *in Limine*, to the extent that the three doctors were to provide any expert testimony. However, the doctors may provide lay witness testimony. They may testify to matters within their personal knowledge, such as authenticating documents, and to observations made during the course of treatment. The doctors may not testify as to the legal requirements of Plaintiff's claims, such as the governing law or how the law applies to the facts of the case, or to the credibility of witnesses.

### B. The Court Will Grant In Part and Deny In Part Plaintiff's Motion *in Limine*

#### 1. The Court Will Deny Plaintiff's Motion *in Limine* as to Excluding Evidence of Plaintiff's Work Disciplinary History Prior to 2013

In his Motion *in Limine*, Plaintiff moves to exclude the "number of disciplines" he received while working for Defendant. Dkt. No. 31, p. 18 (Pg. ID No. 622). Plaintiff argues that his refusal to work overtime was the sole reason for his termination and that his disciplinary history was to be destroyed or removed after twenty-four months of satisfactory service, according to the CBA. *Id.*

Here, the Court is unable to resolve Plaintiff's motion because he has not identified any particular piece of evidence that should be excluded. As a result, the Court cannot assess the likely relevancy or prejudice of the challenged evidence. Although Plaintiff's personnel records, for example, may include extraneous, irrelevant, or unduly prejudicial information, the Court is not in a position to rule on the admissibility of any such evidence, or related testimony, without reviewing the materials in context. There are many types of discipline to which an officer may be subject—including disciplines for dishonesty, unapproved sick leaves, failure to report for duty—and it would be improper for the Court to make a blanket ruling that all disciplines are excluded. The Court will not issue a blanket ruling on evidence not fully identified and arguments not yet fully developed. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)

("Orders *in limine* which exclude broad categories of evidence should rarely be employed."); *United States v. Phillips*, No. 14-CR-20611, 2015 WL 7008576, at *2 (E.D. Mich. Nov. 12, 2015) (stating that a district court should grant a motion *in limine* to exclude evidence only when that evidence is clearly inadmissible on all potential grounds); *Mitchell v. Cty. of Wayne*, No. 05-73698, 2007 WL 850997, at *4–5 (E.D. Mich. Mar. 16, 2007) (deciding not to issue a blanket exclusion of disciplinary actions in a FMLA case).

The Court also notes that the CBA provides that discipline is removed from an employee's personnel record after twenty-four months of *satisfactory* service. At this time, the Court does not have undisputed evidence that establishes Plaintiff had a record of satisfactory service in the twenty-four months following August 2013. More significantly, the CBA does not control the admissibility of evidence in this Court. Accordingly, Plaintiff's Motion is denied, without prejudice to renewal in the context of the trial, insofar as it seeks a blanket exclusion of disciplines assessed against him.

### 2. The Court Will Grant Plaintiff's Motion *in Limine* as to the Arbitrator's Determination that Defendant Had "Just Cause" to Terminate Plaintiff Under the CBA

Next, Plaintiff argues that FRE 401, 402 and 403 operate to bar evidence of the arbitrator's determination and decision that Defendant had "just cause" to terminate Plaintiff under the CBA. Dkt. No. 31, p. 20 (Pg. ID No. 624). Plaintiff

argues that the arbitration is not relevant because he is pursuing his statutory rights instead of his contractual rights under the CBA. *Id.*

Although the Court "should defer to the arbitrator's construction of the contract," the Court is not conclusively bound by an arbitrator's decision that a plaintiff is discharged for just cause. *Becton v. Detroit Terminal of Consol. Freightways*, 687 F.2d 140, 142 (6th Cir. 1982) (suing for employment discrimination after an arbitrator ruled that the employer discharged the plaintiff for "just cause"). In the present case, the arbitrator's decision involved construction of the CBA, which does not have bearing on Plaintiff's rights under the FMLA and ADA. *See Mitchell*, 2007 WL 850997, at *5; *Shaltry v. City of Saginaw*, No. 09-10609-BC, 2011 WL 252518, at *4 (E.D. Mich. Jan. 20, 2011) ("Both Michigan courts and the Sixth Circuit have held that collateral estoppel does not apply to an action under anti-discrimination statutes where a previous arbitration addresses only contractual issues, such as collective bargaining rights under a collective bargaining agreement.").

The issues arising in the present case are distinct from the CBA's grievance procedure, and are to be determined by a jury, rather than by deference to an arbitrator's decision. Thus, insofar as Plaintiff's Motion seeks to exclude evidence of the Arbitrator's decision that Defendants had just cause to terminate Plaintiff, the Motion is granted.

### 3. The Court Will Deny Plaintiff's Motion *in Limine* as to Whether the Content of Plaintiff's Doctor's Note Constituted Sufficient Notice Under the FMLA

The third issue Plaintiff seeks to exclude is any evidence challenging whether the content of Plaintiff's doctor's note constituted sufficient notice under the FMLA to trigger Defendant's responsibility to obtain additional information. Dkt. No. 31, p. 21 (Pg. ID No. 625).

In support of his argument, Plaintiff mischaracterizes the Court's statement in a previous order. *Id.* ("Based off of the January note alone, the notice that Plaintiff provided *could* be considered sufficient under 29 C.F.R. § 825.303(b), shifting the burden of obtaining further information and supplying the applicable leave forms onto Defendant.") (emphasis added). Plaintiff's argument not only omits the footnote that took notice of the fact that submission of the notes is a disputed fact, to be resolved by the jury, but also misreads the Court's use of the word "could" to mean "would." *See id.* at 22 ("This argument should not be presented to the jury because the January 27th doctor's note, if presented to Defendant, *would* have been sufficient to trigger Defendant's obligations as a matter of law.") (emphasis added).

It is a matter for the jury to determine if the notes Plaintiff allegedly submitted provide sufficient detail about a qualifying position such that he provided sufficient notice to shift the burden to his employer. Accordingly,

Plaintiff's Motion is denied as to excluding any evidence that challenges whether the content of Plaintiff's doctor's notes constituted sufficient notice.

### 4. The Court Will Deny Plaintiff's Motion *in Limine* as to Plaintiff's Prior Litigation

Next, Plaintiff argues that any evidence of his prior litigation should be excluded. Dkt. No. 31, p. 24 (Pg. ID No. 628). These suits allegedly involved an on-the-job motor vehicle accident and an off-the-job "incident." *Id*. He argues that this evidence is irrelevant, risks misleading the jury, and is otherwise impermissible character evidence. *Id*. at 24–25.

"The Federal Rules of Evidence set a low bar for relevance." *Cambio Health Solutions, LLC v. Reardon*, 234 Fed. App'x. 331, 338 (6th Cir. 2007). Here, there is not sufficient information provided about the suits for the Court to make a decision as to their relevance to the present suit, or the prejudice they might engender in a jury. The lawsuits may be relevant to the extent that Defendant's decision to terminate Plaintiff was based in any part on them. Accordingly, the Court will deny, without prejudice to renewal in the context of the trial, Plaintiff's request to exclude the lawsuits since they may be conditionally relevant, provided Defendant considered them in making decisions at the heart of the present suit.

## 5. The Court Will Deny Plaintiff's Motion *in Limine* as Any Evidence of A Legitimate Non-Discriminatory Reason for Plaintiff's Discharge

Plaintiff argues that Defendant's proffered non-discriminatory reason for discharging Plaintiff was mere pretext, and evidence related to it should be excluded. Dkt. No. 31, p. 26 (Pg. ID No. 630).

In its opinion and order on the Motion for Summary Judgment, the Court found that Plaintiff provided sufficient evidence to establish a genuine issue of material fact as to whether Defendant interfered with Plaintiff's right to FMLA leave. Dkt. No. 28, p. 18 (Pg. ID No. 545). In viewing the evidence in the light most favorable to Plaintiff, the Court found that Plaintiff's alleged insubordination appeared to be based off his refusal to work mandatory overtime. *See id.* at 17. However, the jury is not obliged to view the facts in the light most favorable to the Plaintiff. Instead, they may evaluate the evidence and the credibility of the witnesses to make their own factual determinations, including whether Defendant had a legitimate, non-discriminatory reason for discharging Plaintiff. Therefore, Plaintiff's Motion to exclude any evidence of Defendant's legitimate non-discriminatory reason for discharging Plaintiff is denied.

6. **The Court Will Deny Plaintiff's Motion *In Limine* As To Any Evidence That Deputy Chief Tonya Guy Requested To See Plaintiff's Doctor's Notes**

Plaintiff argues that the fact Guy asked to see his doctor's note is irrelevant, and should be excluded, since he was not legally obligated to share the note with her. Dkt. No. 31, pp. 27–28 (Pg. ID No. 631–32).

However, the Guy's request to see the note does appear relevant to whether Defendant had or should have had notice that Plaintiff was requesting leave pursuant to his FMLA rights. Additionally, this issue also appears relevant to whether Defendant had a honest belief that its adverse employment action against Plaintiff was legitimate and nondiscriminatory. *See Ferrari v. Ford Motor Co.*, No. 15-1479, 2016 WL 3443646, at *7 (6th Cir. June 23, 2016) (noting that the Sixth Circuit "employ[s] a version of the 'honest belief' rule with regard to pretext," such that "as long as the employer honestly believed the reason it gave for its employment action, an employee is not able to establish pretext even if the employer's reason is ultimately found to be mistaken.").

The Court does not agree that admission of this evidence would result in a substantial risk of unfair prejudice to Plaintiff. *See* FED. R. EVID. 403. Plaintiff is welcome to question Guy about her intentions with regard to viewing Plaintiff's doctors' notes and provide testimony from Plaintiff as to why he refused her request. The Court will deny, without prejudice to renewal in the context of the

trial, Plaintiff's Motion as to any evidence that Guy requested to see Plaintiff's doctors' notes.

### 7. The Court Will Deny Plaintiff's Motion *In Limine* As To Character Evidence That Wayne County Personnel Had A Propensity To Give FMLA Paperwork To Employees Who Submitted Doctors' Notes

Next, Plaintiff seeks to exclude any evidence that Wayne County Personnel have a propensity to give FMLA forms to employees who submit doctors' notes, claiming that such evidence is impermissible character evidence. The Court disagrees.

Federal Rule of Evidence 406 provides that:

> Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness.

"Conduct that is admissible under this rule generally satisfies the following three elements: (1) it should be of such a nature that it is unlikely that the individual instance can be recalled or the person who performed it can be located; (2) it must be specific conduct that is engaged in frequently by the group; and (3) the number of instances of such behavior must be large enough that doubt about a single instance does not destroy the inference that the practice existed." *Martin v. Thrifty Rent A Car*, 145 F.3d 1332 (6th Cir. 1998) (internal quotations and citations omitted). Such conduct must have been uniform over an adequate number of

instances, such that the conduct in question was semi-automatic in nature. *Id.* A court may find that a government agency has a habit and routine practice of providing forms, such that they acted in conformity with that habit and custom. *See In re Swine Flu Immunization Products Liab. Litig.*, 533 F. Supp. 567, 574 (D. Colo. 1980).

Provided Defendant can satisfy the standard provided by the Sixth Circuit in *Martin*, evidence of the personnel department's routine practice of providing FMLA forms to individuals who submit doctors' notes may be admissible. This request for exclusion is denied without prejudice to renewal in the context of the trial.

### 8. The Court Will Deny Plaintiff's Motion *In Limine* As To Work As A Football Coach At Wayne State University During His Employment With Wayne County

Plaintiff would also like the Court to exclude any evidence relating to the paid services he performed for Wayne State's football program. Dkt. No. 31, pp. 32–33 (Pg. ID No. 636–37). Plaintiff argues that this evidence is irrelevant and would be prejudicial to admit, because it would be onerous for him to rebut such testimony. *See id.*

Defendant argues that the evidence should be admitted because Guy believed that Plaintiff was choosing not to work overtime so he could rest before working as a football coach for Wayne State University. Dkt. No. 34, p. 17 (Pg. ID

No. 872). Much like the analysis of evidence related to Guy's request to see Plaintiff's medical note, this issue relates to whether Defendant had knowledge that Plaintiff was requesting FMLA leave because of a qualifying disability. Accordingly, it is relevant to whether Defendant had notice of Plaintiff's disability and whether Defendant had an honest belief that disciplining Plaintiff for refusing to work overtime was legitimate and nondiscriminatory.

Plaintiff is free to testify about the work he performed for Wayne State, the time period in which it took place, and whether it factored into his decision to refuse overtime work. The Court does not find that providing such testimony will be overly burdensome to him. Accordingly, the Court will deny Plaintiff's Motion *in Limine* regarding evidence related to the work he performed for Wayne State University.

### 9. The Court Will Deny Plaintiff's Motion *In Limine* As To Details Of The Dispute Between Plaintiff And His Coworker

Finally, Plaintiff seeks to exclude any evidence related to the dispute he had with his coworker, Jessica Winward, who accused him of sexual harassment in May 2013. Dkt. No. 31, pp. 33–34 (Pg. ID No. 637–38). He argues that this evidence is irrelevant and unfairly prejudicial, and that the dispute with Winward did not interfere with his ability to perform his job duties. *Id*.

Nevertheless, Defendant has presented evidence that Plaintiff's altercation with Windward was part of Plaintiff's motivation to continually refuse direct orders to work overtime. Dkt. No. 34, pp. 12–13 (Pg. ID No. 867–88). Plaintiff's supervisor testified in deposition that Plaintiff told him "he was going to refuse [mandatory overtime] every time" because "he was upset about a situation that happened in Division One and, until the County makes him whole, he is going to continue to refuse." *Id.* at 13. Since there is evidence that Plaintiff's decision to decline to work mandatory overtime, which began far in advance of his submitted doctor's notes, may be related to his dispute with his coworker, such evidence is relevant to the present dispute.

Nevertheless, the Court has not been provided sufficient information about the subject of this dispute, outside of the general allegation of sexual harassment. Should additional detail give rise to concern that the topic of the dispute is substantially more prejudicial than probative, the Court may opt to allow evidence that there was a dispute, generally, without admitting details of the specific topic of the dispute. Alternatively, the parties are welcome to stipulate to the fact that a dispute occurred between Plaintiff and Winward, without admitting the subject. Thus, Plaintiff's request to exclude evidence of his dispute with his coworker is denied without prejudice to renewal in the context of the trial.

## IV. CONCLUSION

These are the preliminary rulings of the Court. The Court emphasizes that "[a] ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court . . . the district court may change its ruling at trial for whatever reason it deems appropriate," and "where sufficient facts have developed to warrant the change." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce,* 713 F.2d 1236, 1239 (6th Cir. 1983) *aff'd,* 469 U.S. 38 (1984)).

Accordingly, the Court will **GRANT** Defendant's Motion *in Limine* [30], to exclude any expert witness testimony from the three listed doctors. The Court will **GRANT** in part and **DENY** in part Plaintiff's Motion *in Limine* [31].

IT IS SO ORDERED.

Dated: June 30, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge